UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES PEEK AND TOYA PEEK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1829** |
| **NATIONWIDE MUTUAL FIRE INSURANCE COMPANY AND TERRANCE CORMIER** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand is **GRANTED**. Plaintiffs' request for attorneys' fees is **DENIED.** (Rec. Doc. 4).

## BACKGROUND

In January 2007, James and Toya Peek filed a lawsuit in Civil District Court for the Parish of Orleans, naming Nationwide Mutual Fire Insurance Company and Terrance Cormier as defendants. The Peeks allege that they were working in a manhole in New Orleans when Cormier, while driving his vehicle, ran a red light striking a second vehicle. They further allege that Cormier's negligence caused the second vehicle to cover the manhole that they were working in, trapping them in the manhole while debris and gas from the second vehicle leaked into the hole. They allege that they suffered physical injuries, emotional distress, loss of consortium, and medical expenses.

On April 13, 2007, Nationwide removed the case to this Court based on diversity jurisdiction, contending that it is a foreign corporation and that the Peeks are residents of Louisiana.

Nationwide acknowledges that Cormier is also a resident of Louisiana, but it argues that time for service on Cormier has expired, the claims against him have prescribed because interruption of prescription never occurred under La. Rev. Stat. § 9:5801, and his citizenship must be disregarded.

The Peeks filed a motion to remand arguing that service on Cormier was withheld because even before filing suit they had been dealing with Nationwide, Cormier's insurer, in good faith, and the Peeks did not know the extent of the insurance policy limits or their injuries.  The Peeks further argue that Cormier is a named defendant and the non-diverse tortfeasor, and their cause of action against him has been preserved.  The Peeks argue that the removal was baseless, and therefore, they are entitled to expenses and attorneys' fees.

## DISCUSSION

### A.    Standard of Review

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

### B.    Analysis

#### a)    Motion to Remand

Nationwide alleges that diversity jurisdiction exists in this case because the Peeks have not timely served Cormier, the non-diverse tortfeasor.  Nationwide argues that the Peeks had ninety days from the filing of the lawsuit in state court to serve Cormier, but they failed to do so.  Nationwide

argues that the Peek's action should be dismissed for failure to serve under La. Code Civ. Proc. art. 1672 and only a showing of "good cause" can defeat the dismissal. Nationwide further contends that the accident occurred on May 3, 2006 and the Peeks' claims against Cormier have now prescribed because prescription was never interrupted by service.

Although not addressing the exact facts now before this Court, the United States Court of Appeals for the Fifth Circuit in *New York Life Insurance Company v. Deshotel*, 142 F. 3d 873, 883 (5th Cir. 1998), examined the existence of diversity jurisdiction and held that the non-diverse citizenship of a defendant could not be ignored simply because he was unserved. The court explained, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id*. "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Id*.

District Court cases, faced with facts much like this case, have addressed the voluntary-involuntary rule and have found that removal jurisdiction was improper and remand was required. In *Grandy v. Compton*, 55 F. Supp. 2d 593, 596 (S.D. Miss. 1999), the diverse defendant requested and the state court judge granted dismissal of several non-diverse defendants for failure to timely serve. Thereafter, the diverse defendant removed the case to federal court alleging the existence of diversity jurisdiction. *Id*. at 595. The plaintiff filed a motion to remand and the diverse defendant claimed that removal was proper because it was filed within 30 days from the date the case became removable. *Id.*

The court addressed the voluntary-involuntary rule, which means that the removability of

a case depends on the character of the non-diverse party's dismissal. *Id*. at 596. If the plaintiff initiates the dismissal of a non-diverse defendant, it is voluntary; if the defendant or the court initiates the dismissal, it is involuntary. *Id*. The court then addressed the defendant's argument that plaintiff had abandoned his claims against the non-diverse defendants because they were never served. *Id*. Citing *Deshotel*, the court explained that service has no bearing on the establishment of diversity jurisdiction; instead, "the determinative factor is whether plaintiff's voluntary act has clearly and definitively expressed a desire to discontinue the action as to the non-diverse defendants." *Id*. The court held that the plaintiff took no affirmative action to dismiss the suit against the non-diverse defendants because the state court judge dismissed them on the defendant's motion. *Id.* Noting that although the plaintiff's failure to serve could be without good cause, the court found that there was no evidence that the dismissal was voluntary. *Id.* Further, the dismissal was without prejudice, meaning that the plaintiff could, at a later date, re-urge the claims. *Id.* Therefore, the court remanded the case. *Id*.

Similarly, the court in *Green v. City Services Refinery*, CIV.A. No. 06-330, 2007 WL 2008526, at * 1 (W.D. La. Feb. 22, 2007), granted remand after finding that the dismissal of the non-diverse defendants was not a voluntary act of plaintiff. The court cited *Gandy* and found that the failure to timely serve the defendants was not a voluntary act sufficient to trigger the right to remove the case. *Id.* at *4. The court first addressed the fact that a case that was non-removable on initial pleadings could become removable only pursuant to a voluntary act by the plaintiff. *Id*. at *3 (citing *Weems v. Lewis Dreyfus Corp*., 380 F. 2d 545, 547 (5th Cir. 1967)). The court then acknowledged defendant's argument that the claims had been abandoned against the non-diverse defendants. *Id*. at *4. The court explained that abandonment of claims against the non-diverse defendants might

4

have taken place by operation of Louisiana law, if the facts alleged were correct, but that is not the same as an affirmative act or statement by plaintiffs to dismiss non-diverse defendants. *Id.* The court explained that claims of abandonment are subject to appeal and it is possible for plaintiff to defeat those claims. *Id*.

This Court finds that the holding in *Deshotel* is binding and finds the reasoning of *both Grandy* and *Green* persuasive. First, a review of the petition and the removal demonstrate that the case was filed in state court in January 2007, but Nationwide did not remove the case until April 2007, more than 30 days after the petition was filed. Therefore, it appears that Nationwide waited to remove the case until the time for service on Cormier had expired under Louisiana law, thinking that the case, at that point, had become removable and diversity jurisdiction existed. Therefore, the voluntary-involuntary rule applies to this case.

As stated in *Deshotel*, a defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. As explained in *Gandy* and *Green*, the expiration of the time for service under state law is not a voluntary act by the Peeks sufficient to make this case removable to this Court. Moreover, there is no evidence that Cormier has been dismissed from the case by the state court. In fact, it appears that Nationwide, in its opposition to plaintiffs' motion to remand, is requesting that this Court dismiss Cormier and find that diversity jurisdiction exists. However, even if Cormier had been dismissed on defendant's motion in state court, this would not be a voluntary act on the part of the Peeks and removal would be improper.

Although Nationwide argues that the claims against Cormier have prescribed, this Court must determine whether diversity jurisdiction existed at the time of removal. There is no dispute

5

that the accident occurred on May 3, 2006, and Nationwide removed this case on April 13, 2007. At the time of removal, the claims against Cormier had not prescribed. Therefore, this Court finds that remand is required.

### b) Attorneys' Fees

The Peeks' request for attorneys' fees is denied. Unless unusual circumstances are present, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000). The removal in this case was not objectively unreasonable. Thus, the court declines the request to grant attorneys' fees.

### CONCLUSION

For the above-stated reasons, plaintiff's motion to remand is **GRANTED**, and the request for attorneys' fees is **DENIED**.

New Orleans, Louisiana, this ___7th___ day of August, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**